**XUE MEI HU, Shao Deng Guan, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto Gonzales, Attorney General, Respondent.**

**No. 05–2388–ag.**

United States Court of Appeals, Second Circuit.

April 6, 2006.

David X. Feng, New York, New York, for Petitioner.

Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Emily McKillip, Assistant United States Attorney, Philadelphia, Pennsylvania, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Xue Mei Hu and Shao Deng Guan, through counsel, petition for review of the BIA's April 19, 2005 decision denying their motion to reopen their removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case and hold as follows.

■ To the extent that Hu and Guan challenge the immigration judge's underlying order denying their application for asylum, withholding of removing, and CAT relief, Hu and Guan failed timely to file a petition for review of the BIA's January 23, 2004 order affirming the IJ's decision. A petition for review of a final order of removal must be filed within thirty days of the date of the order appealed from. *See* 8 U.S.C. § 1252(b)(1). Moreover, "[a]n appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involve[ ] 'two separate petitions filed to review two separate orders.'" *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001) (quoting *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Here, Hu and Guan have filed a timely petition for review only of the BIA's April 19, 2005 order denying their motion to reopen. The Court declines to consider any arguments relating to the immigration judge's underlying decision or the BIA's January 23, 2004 order.[1]

■ For the reasons stated in the BIA's April 19, 2005 order, the BIA did not abuse its discretion in denying Hu's and Guan's motion to reopen. As the BIA correctly observed, with the exception of Hu's and Guan's conclusory assertion that the interpreter had mistranslated Hu's statement that Guan would be "forever in jail" if she did not have an abortion, Hu and Guan did not identify any other translation errors in the record of the removal proceedings. Moreover, Hu and Guan did not provide the BIA with a basis for determining whether a translation error had occurred, nor did they identify the correct translation of Hu's statement. However, assuming *arguendo* that Hu's statement was improperly translated, Hu and Guan did not establish that the results of the removal proceedings would have been different had the alleged error not occurred as the immigration judge did not rely on the one identified statement in finding Hu's and Guan's testimony not to be credible. Accordingly, the BIA did not abuse its discretion when it declined to reopen their removal proceedings.

---

1. Although the REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, 119 Stat. 302, arguably requires this Court to alter its interpretation of the 30–day filing requirement as a jurisdictional prerequisite, which may allow the Court to hear untimely petitions when the government waives the deadline or when dismissal would raise constitutional concerns, the Court declines to review the BIA's January 23, 2004 order in the present case because Hu and Guan have failed to allege facts sufficient to conclude that imposition of the 30–day filing deadline would raise constitutional concerns. *Cf. Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113–14 (2d Cir.2000) ("[C]ourts may not pass upon the validity of a federal statute 'at the instance of one who fails to show that he is injured by the statute's operation.") (citing *New York City Transit Auth. v. Beazer*, 440 U.S. 568, 583 n. 22, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979)).

For the foregoing reasons, the petition for review is DENIED.  The pending motion for a stay of removal is DENIED as moot.